IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALPHONSO BRADSHAW, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) No. 05 C 33 |
| v. | ) |
| GLOBEGROUND NORTH AMERICA, LLC | ) HONORABLE DAVID H. COAR<br>) |
| | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Alphonso Bradshaw's ("Plaintiff" or "Bradshaw") motion to file a First Amended Complaint at law, and add Thomas O. Perkins ("Perkins") as a defendant. The amendment of Plaintiff's Complaint would destroy subject matter jurisdiction, thereby requiring that this Court remand this action to state court, pursuant to 28 U.S.C. § 1447 (e) For the reasons set forth below, Plaintiff's motion is GRANTED. Consequently, this case is REMANDED to state court.

### I. Factual and Procedural Background

Bradshaw, an Illinois resident, was an employee of O'Hare International Airport ("O'Hare") at all relevant times. Globeground North America, LLC ("Globeground") is a Delaware limited liability corporation with its principal place of business in Great Neck, New York. On September 7, 2004, Bradshaw filed his original complaint against Globeground in state

court, in the Circuit Court of Cook County, Illinois (hereinafter referred to as "State Court"). Bradshaw filed suit against Globeground as a result of injuries he suffered on August 24, 2003, during the course of his employment at O'Hare. Plaintiff's Complaint alleges that on August 24, 2003, Globeground, by its agents and servants, operated certain baggage and electric carts within the grounds of O'Hare. (Compl., ¶ 1). On August 24, 2003, Bradshaw worked as a baggage handler for Air Wisconsin. (Compl., ¶2). Plaintiff's Complaint alleges that on August 24, 2003, he became pinned between the second and third carts of an Air Wisconsin motorized baggage tug, after the Air Wisconsin tug was bumped by a Globeground baggage tug operated by a Globeground employee. (See Compl., ¶ 4; see also Globeground's Resp. and Opp'n to Pl.'s Mot., p. 3). Plaintiff alleges that as a proximate of the aforementioned incident, he suffered multiple injuries, and seeks compensation for medical expenses and lost wages. (See Compl., ¶ 6).

On October 26, 2004, Globeground filed its Answer and Affirmative Defenses to Bradshaw's Complaint. On November 17, 2004, Defendant filed its First Request for Admissions of Fact. It requested that Plaintiff admit certain facts, including the fact that Bradshaw seeks damages in excess of $75,000 (exclusive of interest and costs), that Bradshaw is a citizen of Illinois and not New York, and that Plaintiff was not a citizen of New York at the time of the occurrence alleged in his Complaint. In response to Defendant's First Request for Admissions of Fact, Plaintiff admitted that he seeks damages in excess of $75,000 (exclusive of interest and costs), and he admitted that he was a resident of Illinois, he is not a citizen of New York, and he was not a citizen of New York at the time of the occurrence alleged in his Complaint.

On January 4, 2005, Globeground filed a Notice of Removal of Bradshaw's cause of action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. (Pursuant to 28 U.S.C. § 1132, "Federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000." Hahn v. PepsiCo, Inc., 350 F.Supp.2d 758, 761 (N.D. Ill. 2004) ). On January 27, 2005, Plaintiff filed Interrogatories and Request to Produce in the Circuit Court of Cook County.[1] Notably, Interrogatory No. 4 was directed at specific information regarding the driver of Globeground's cart.

According to Plaintiff, he first received notification from the Federal District Court on or about March 14, 2005. Shortly thereafter, Plaintiff's counsel consulted with Maxwell Brusky, one of Defendant's attorneys, on March 23, 2005. That same day, Maxwell Brusky forwarded the name of the driver of Globeground's cart to Bradshaw's counsel. Subsequently, on April 21, 2005, Plaintiff filed his motion to file his first amended complaint, the motion presently before this Court.

## II. Analysis

Typically, a party's request to amend pleadings is evaluated pursuant to Fed. R. Civ. P.15, which provides a fairly permissive standard for granting amendments.[2] However, a different standard must be applied where, after removal, a Plaintiff seeks to add a non-diverse defendant,

---

[1] Plaintiff contends that his Interrogatories and Request to Admit was filed in State Court, even though this case had been removed to Federal Court by this point, because he had yet to receive any notification from Federal Court.

[2] Fed. R. Civ. P. 15(a) provides in pertinent part, "leave shall be freely given when justice so requires."

which would destroy subject matter jurisdiction, thereby requiring remand to state court. Neither party disputes that if Thomas O. Perkins, an Illinois resident, is added as a defendant, the case must be remanded to state court. The proper standard for determining the joinder of a non-diverse party post-removal is 28 U.S.C. § 1447(e), which provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remove the action to State court." Id. There are four factors that courts can balance to determine whether a Plaintiff should be allowed to join a non-diverse party, thereby destroying subject matter jurisdiction. Those four factors include: (1) the extent to which the joinder of the non-diverse party is sought merely to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) and other equitable considerations, including defendant's interest in maintaining a federal forum. Hensgens v. Deere & Co., 833 F. 2d 1179, 1182 (5th Cir. 1987). See also Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311 (M.D. Ala. 1999); Wells v. Certainteed Corp., 950 F. Supp. 200 (E.D. Mich. 1997); Witkowski v. Toyota Industrial Equipment, No. 92 C 0851, 1992 U.S. Dist. LEXIS 9471 (N.D. Ill. June 29, 1992). The Court will address each of the four factors to determine whether Bradshaw should be granted leave to add Perkins as a defendant.

### A. The Extent To Which The Joinder Of The Non-Diverse Party Is Sought Merely To Defeat Diversity Jurisdiction

Defendant maintains that Plaintiff's only possible motive in seeking to add Perkins as a defendant is to defeat diversity jurisdiction. In support of this contention, Globeground directs the Court to its First Amended Answer.[3] Specifically, in response to paragraphs three, four and five of Plaintiff's Complaint, although Defendant denies the underlying allegations, it admits that Globeground was acting through its agents and employees, including Thomas O. Perkins, on the date in question. See Def. Ex. H. In addition, Dino G. Noto ("Noto"), the General Counsel of Globeground, filed a declaration. In his declaration, Noto states that Globeground carries liability insurance that provides defense and indemnity against the loss alleged by Bradshaw. Def. Ex. I, ¶ 5. Additionally, Noto declares that the liability insurance provides Globeground's authorized agents and employees with a defense and indemnity against this loss. Id. at ¶ 6. Defendant argues that pursuant to Illinois law, the doctrine of *respondeat superior* mandates that judgments against Globeground and Perkins, it employee and agent, be merged into a single, indivisible judgment. As such Defendant maintains, it is futile to add Perkins as an individual defendant.

Bradshaw asserts that Defendant's First Amended Answer fails to concede that Perkins was an agent and/or employee of Globeground while he operated the baggage cart. Plaintiff maintains that Defendant's Amended Answer merely states, that "Globeground was acting through its agents and employees, including among them Thomas O. Perkins." (See Def. Ex.

---

[3] On May 26, 2005, this Court granted Defendant's motion for leave to file its First Amended Answer.

H). In addition, Plaintiff notes that if Perkins is in fact an agent of Globeground, and acted as such while operating the cart, Defendant's insurance policy may provide coverage. However, Plaintiff argues, if Perkins' actions were outside the scope of his employment, the coverage may not follow. According to Bradshaw, the specific details of Perkins' actions will only be revealed once his deposition proceeds; which may occur after the statute of limitations on any cause of action against Perkins, August 24, 2005, expires. Consequently, Plaintiff urges that if he is not allowed to amend his Complaint, he will be required to file suit against Perkins in State Court.

Defendant is correct that its First Amended Answer, which admits that Globeground was acting through its agents and employees, including Thomas O. Perkins, would indemnify Perkins for actions within the scope of his employment. As such, Globeground would be liable for any judgments against Perkins for actions within the scope of Perkins' employment. ("Under the *respondeat superior* doctrine, an employer is strictly liable for its employee's acts committed within the scope of employment." Del Amora v. Metro Ford Sales and Service, Inc., 206 F.Supp.2d 947, 951-52 (internal citations omitted)).

However, Plaintiff is also correct that if Perkins' actions on August 24, 2003 exceeded the scope of his employment with Globeground, it is very likely that Globeground will not indemnify Perkins. "The doctrine of *respondeat superior* applies only when an employee [was] acting within the scope of his employment with respect to the occurrence or transaction that gave rise to [the] injury at issue." Luna v. Meinke, 844 F.Supp. 1284, 1287-88 (N.D. Ill. 1994) (quoting Collier v. Avis Rent A Car System, Inc., 618 N.E.2d 771, 777 (Ill. 1993)). An employer may be bound by the acts of the employee, "even if the agent exceeds the instructions of his or her employer . . ." Luna, 844 F.Supp. at 1284. However, an agent acts outside the scope of

employment if the employee "commits certain acts 'that could not possibly be interpreted as the merely overzealous or ill-judged performance of his duties as an agent.'" Id. (quoting Hartmann v. Prudential Insurance Co. of America, 9 F.3d 1207, 1210 (7th Cir. 1993)).

Consequently, there is a possibility that Perkins' actions that resulted in Plaintiff's injuries exceeded the scope of Perkins' employment, which would likely bar indemnification by Globeground. Plaintiff is correct in his assertion that whether or not Bradshaw's actions warrant indemnification may not be known until the August 24, 2005 statute of limitations has passed. As such, if Plaintiff is not granted leave to amend his Complaint, he must file two suits now, or risk losing a potential cause of action against Bradshaw. Therefore, Plaintiff has presented a valid and plausible reason why Perkins should be joined to this cause of action, and it does not appear that joinder is sought solely to defeat diversity jurisdiction. Consequently, this factor weighs in favor of Plaintiff.

### B. Whether The Plaintiff Has Been Dilatory In Asking For Amendment

As noted previously, Plaintiff filed his suit in State Court on September 7, 2004. Globeground filed its Original Answer to Plaintiff's Complaint (where Defendant denied any agency liability) on October 26, 2004. This case was removed to Federal Court on January 4, 2005. On January 27, 2005, Bradshaw filed Interrogatories and Request to Produce in State Court; Interrogatory No. 4 was directed at specific information regarding the driver of Globeground's cart. On March 23, 2005, Plaintiff received information concerning the name of the driver of Globeground's cart, and on April 21, 2005, Bradshaw filed the present motion to add Perkins as a Defendant.

To determine whether a plaintiff has been dilatory in requesting an amendment, courts measure the passage of time between either the filing of the case or removal and the filing of the motion to amend. In re Bridgestone/Firestone, Inc. v. Ford Motor Co., 129 F.Supp.2d 1202, 105 (S.D. Ind. 2001). Over seven months passed between Bradshaw filing his Complaint in State Court, and his motion to add Perkins as Defendant. Further, almost four months passed between removal of this case to Federal court and Bradshaw's motion to amend. However, Bradshaw did not become aware of Perkins' identity until March 23, 2005, and filed his motion to amend on April 21, 2005. The Court does not consider the passage of one month (after Bradshaw became aware of Perkins' identity) to be dilatory. Consequently, this factor weighs in favor of Plaintiff.

### C. Balance of Risks to Plaintiff and Defendant

This factor requires the Court to explore the balance between the risk that the plaintiff will suffer significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed. See Hensgens, 833 F.2d at 1182. "Wasteful duplication, unnecessary costs and judicial efficiency may favor consolidating proceedings and should factor into a court's decision to permit the amendment of a nondiverse defendant." Roberts, 2004 U.S. Dist. LEXIS 20797 at *13.

Plaintiff asserts that he will be obligated to file a separate cause of action against Perkins in State Court, and he will be required to prosecute two cases, if he is not granted leave to amend his Complaint. Defendant contends that the *respondeat superior* doctrine, as outlined above, provides for indemnity for Perkins, as he was acting in the scope of his employment during the incident.

-8-

For the same reasons as discussed when analyzing whether joinder is sought solely to defeat diversity jurisdiction, it has yet to be determined whether Perkins was in fact acting in the scope of his employment during the incident in question. If deposition testimony reveals that Perkins was not acting in the scope of his employment, Globeground's insurance company may refuse to indemnify him. Again, at that point in the litigation, the statute of limitations may have expired, and it may be too late for Bradshaw to add Perkins as a Defendant. Consequently, there is a high likelihood that if this amendment is not allowed, Bradshaw would be required to file two lawsuits, a highly inefficient consequence. Therefore, this factor weighs in favor of Bradshaw. The prejudicial impact upon the Defendant will be discussed in the fourth factor, Defendant's interest in a federal forum.

### *D. Other Equitable Considerations, Including Defendant's Interest In A Federal Forum*

"Federal diversity jurisdiction exists to protect out-of-state parties from the presumed biases of local courts. Defendant's interest in a federal forum is obviously legitimate and is institutionalized in our federal law." Roberts v. Standard Ins. Co., 2004 U.S. Dist. LEXIS 20797 at * 13 (internal citations omitted). Consequently, Globeground, as an out of state defendant, has an interest in a federal forum. Consequently, this factor weighs in favor of Defendant.

### *E. Final Balance of All Factors*

After taking into consideration all relevant factors, the Court determines that Bradshaw should be permitted to amend his Complaint and add Perkins as a Defendant. It does appear that Globeground will indemnify Perkins for any acts within the scope of his employment. In

addition, Globeground, as an out of state defendant, does have a legitimate, well-established interest in a federal forum. However, Plaintiff is correct that any actions outside of the scope of Perkins' employment may not be indemnified by Globeground's insurance provider. Until discovery commences, it will not be known whether Perkins' actions on August 24, 2003 were in the scope of his employment. However, with a statute of limitations that will expire in less than three months, it is highly unlikely that this information will be discovered until that statute of limitations expires. As such, if Plaintiff is not granted leave to amend his Complaint, he will likely have to file a lawsuit against Perkins in State Court, which means he will be prosecuting two causes of actions, arising from the same set of facts, contemporaneously, which is highly inefficient. In addition, Plaintiff filed his motion to amend expeditiously, only a month after he discovered Perkins' identity. These facts alleviate concerns that Plaintiff seeks to amend his Complaint solely to defeat diversity jurisdiction. At this stage of Plaintiff's cause of action, there is a substantial probability that he has a cause of action against Perkins, one independent of the cause of action he has against Globeground. Consequently, after balancing all four factors, the Court determines that Plaintiff shall be granted leave to file an amended complaint, and add Thomas O. Perkins as a defendant.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to file a first amended complaint at law, and add Thomas O. Perkins as a party defendant, is GRANTED. Consequently, this case is REMANDED to State Court. This case is REMANDED to the Circuit Court of Cook County, Illinois, FORTHWITH.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **June 7, 2005**

-11-